IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT SANTEE,                    :        CIVIL ACTION NO. **3:CV-07-2207**
                                 :
          Plaintiff              :        (Judge Nealon)
                                 :
          v.                     :        (Magistrate Judge Blewitt)
                                 :
UNITED STATES OF AMERICA,        :
                                 :
          Defendant              :

## REPORT AND RECOMMENDATION

**I. Background**.

On December 5, 2007, Plaintiff, Brett Santee, formerly an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg") and the Federal Prison Camp Lewisburg ("FPC-Lewisburg") both at Lewisburg, Pennsylvania, filed, through counsel, this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and § 2680.  (Doc. 1).  Plaintiff paid the required filing fee.  Plaintiff correctly named as the sole Defendant, with respect to his FTCA action, the United States of America. (Doc. 1, p. 1).  *See* 28 U.S.C. § 2679.  Plaintiff claimed that when he arrived at USP-Lewisburg in March 2005, to commence service of his Middle District of Pennsylvania federal sentence, he advised a Physician Assistant ("PA") at the prison that he was a diabetic and had previous amputations of his toes.  Plaintiff avers that he did not receive any diabetes medications while at UPS-Lewisburg for twenty-one (21) days. Plaintiff avers that after he was transferred to FPC-Lewisburg in April 2005, the care he received from prison medical staff for his diabetes condition and resultant wounds was negligent and that as a result, he had to have

multiple amputations of his lower right extremity, rendering him disabled.[1]  Thus, Plaintiff alleges

that prison physician and PA's were medically negligent in their treatment of his diabetes condition.

The United States of America ("USA") is the only proper Defendant in an FTCA suit, and the

United States has waived sovereign immunity for an FTCA action.  *See Sash v. Hogsten*, 2008 WL

618945 (M.D. Pa.).  Also, "[t]he FTCA allows federal inmates to sue the United States for injuries

sustained while incarcerated.  28 U.S.C. § 2674."  *Moshier v.  U.S.*, 2007 WL 1703536, * 9 (W.D.

Pa.); *Baker v. U.S.*, 2006 WL 1946877, * 4 (W.D. Pa.).

As relief, Plaintiff requested monetary damages from Defendant USA in an amount not in

excess of his Administrative Claim (SF-95), *i.e.* $100,000,000.  (*Id.*, p.14 and Ex. A).[2]

On December 7, 2007, Summons was issued upon the USA.  On February 19, 2008,

Defendant United States filed a Motion to Dismiss and for Summary Judgment in response to

Plaintiff's Complaint.  (Doc. 6).  No discovery deadline has been set yet since the pleadings have

not yet closed, and no joint case management conference has been held.  Defendant United States,

in its stated Motion, requests the Court to dismiss the Complaint pursuant to Fed. R. Civ. P.

---

[1]In his Complaint, Plaintiff avers that  he exhausted his FTCA administrative remedies by filing a tort claim with the BOP (SF-95) as required.  *See* 28 U.S.C. § 2401(b). (Doc. 1, ¶'s 7.-11.).  Plaintiff's Ex. A attached to his Complaint is a copy of the BOP's June 12, 2007 denial letter.  Thus, it appears that Plaintiff's Complaint filed December 5, 2007, was timely, *i.e.* within six months of the BOP's tort claim denial letter.   A copy of Plaintiff's tort claim is found at Doc. 8-3.

[2]In the caption of his Complaint, Plaintiff incorrectly demanded a jury trial.  Doc. 1, p. 1. Also, in the caption of his recent Supplemental Brief, Plaintiff incorrectly demands a jury trial. (Doc. 18).  An FTCA action against the United States of America is tried by the Court.  *See* 28 U.S.C. §§ 2402, 1346(b).  *Taylor v. Garwood*, 2000 WL 1201558 (E.D. Pa.).

12(b)(6), or alternatively, if the entire Complaint is not dismissed, it requests the Court to enter Summary Judgment on its behalf and against Plaintiff under Rule 56.  (*Id*.).  On March 4, 2008, the United States filed its Brief in support of its stated Motion, its Statement of Material Facts ("SMF"), ¶'s 1.-11., and an Exhibit with attachments  (Ex. A).  (Docs. 8 and 9, respectively).  On March 19, 2008, Plaintiff filed his Brief in opposition to Defendant's Motion to Dismiss/Summary Judgment Motion with Exhibits, and his Response to Defendant's SMF with Exhibits.  (Docs. 10 and 11). Plaintiff responded paragraph by paragraph to Defendant's SMF as required by Local Rule 56.1, M.D. Pa.

On April 22, 2008, Plaintiff filed a Motion to File a Supplemental Brief in Opposition to Defendants' Motion to Dismiss/Summary Judgment. (Doc. 16).  On April 23, 2008, the Court granted Plaintiff's Motion to file a Supplemental Brief but limited Plaintiff to five pages and to address only the two issues referenced in his Motion for Leave to file his Supplemental Brief, *i.e.*, to address the case of *Boyd v. U.S.*, 2006 WL 2828843 (M.D. Pa.), and to explain why he did not timely file his Certificate of Merit. (Doc. 17).  On May 2, 2008, Plaintiff filed his Supplemental Brief with two Middle District of Pennsylvania decisions attached as Exhibits. (Exs. A and B). (Doc. 18). Defendant's Motion to Dismiss/Summary Judgment Motion is now ripe for disposition.[3]

---

[3]The undersigned has been assigned this case for pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

## II. Motion to Dismiss Standard.

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

## III. Motion for Summary Judgment Standard.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "`genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions,

answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, quoting *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Moreover, the Third Circuit has recently indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

## IV. FTCA.

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 2675 (a). Plaintiff here is seeking damages for personal injury against the United States. Plaintiff alleges that he was negligently treated for his diabetes while he was a federal inmate in the custody of the BOP and that as a result he suffered deterioration of his condition

during his incarceration in federal prison.   As mentioned, with respect to Plaintiff's FTCA claim, the

only proper party Defendant is the United States, and not individual employees of the BOP.  *See*

28 U.S.C. §2679 (b) and (d)(1).   Thus, as stated, no individual employee of the BOP was  included

in Plaintiff's FTCA action, and only the United States was named as Defendant.

Plaintiff must file his FTCA action within six (6) months after the agency, here BOP, issued

its final denial of his Administrative Tort Claim (Form SF-95).  *See* 28 U.S.C. § 2401(b); *Williams v.*

*U.S.*, 1995 WL 739497, E.D. Pa.  As mentioned, Plaintiff stated in his pleading that  exhaustion has

occurred.  (Doc. 1, p. 3).   In his Complaint, Plaintiff alleged that he filed his tort claim with the

proper federal agency and that his claim was denied on June 12, 2007.  Plaintiff's Ex. A attached

to his Complaint demonstrates exhaustion of his tort claim.[4]  (Doc. 1, p. 3, Ex. A).  In his June 12,

2007 denial letter of Plaintiff's Administrative Tort Claim, the BOP counsel stated, in part, as

follows:

> You seek compensatory damages in the amount of $100,000,000
> for an alleged personal injury at the United States Penitentiary
> (USP) Lewisburg.
>
> After careful review of this matter, I have decided not to offer a
> settlement as your client was provided the appropriate and
> necessary medical care and treatment while at USP Lewisburg.
> Accordingly, your claim is denied.

(Doc. 11, Ex. B).

---

[4]We do not yet decide Defendant's current argument that Plaintiff failed to exhaust all of his negligence claims he raises against the USA in his Complaint.

Recently, the *Banks* Court stated:

> The FTCA waives the sovereign immunity of the United States
> for torts of federal employees acting within the scope of their
> employment" under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with
> the law of the place where the act or omission occurred." 28 U.S.C.
> § 1346(b)(1).  The FTCA contains a jurisdictional bar that requires a
> plaintiff to file his or her claim with the appropriate federal agency
> and receive a final denial by that agency before filing a complaint
> in federal court.  *See* 28 U.S.C. § 2675(a).

2007 WL 3096585, * 2.

## V.  Statement of Material Facts.

As stated, Defendant properly filed its Rule 56.1 SMF in support of its Summary Judgment

portion of its Motion, and it has properly cited to evidence in the record with respect to  its factual

paragraphs contained therein.  (Doc. 9).  We agree with Plaintiff in his Response to Defendant's

SMF that ¶'s 1., 4., and 6. (Doc. 11, pp. 1-2) are clearly conclusions of law and no responses to

these paragraphs are required.  In any event, ¶'s 4. and 6. of Defendant's SMF (Doc. 9) are simply

the form directions for responding to Sections 8 and 10 of Plaintiff Santee's Administrative Tort

Claim.  (Doc. 11, Ex. A, Sections 8 and 10).

Also, since Plaintiff admitted ¶'s 2., 3. 8. (*see also* Doc. 11, Ex. B), and 9. of Defendant's SMF

(Doc. 9), we shall not repeat these paragraphs herein and will incorporate them by reference.  In

the case of *Barthalow v. David H. Martin Excavating, Inc*., 2007 WL 2207897, * 1, n. 5, (M.D. Pa.

2007), this Court noted:

> The Middle District of Pennsylvania's Local Rule of Court 56.1 provides
> that a summary judgment motion must include a separate concise
> statement of material facts. M.D. Pa. Local R. 56.1. The rule also
> requires that an opposition to a summary judgment motion must

> similarly include a statement that "responds to the numbered paragraphs
> set forth in [the moving party's concise statement of material facts], as to
> which it is contended that there exists a genuine issue to be tried."
> *Id.* Moreover, "[a]ll material facts set forth in [the moving party's statement]
> will be deemed to be admitted unless controverted by the
> [opposing party's statement]. " *Id.*

*See also Dusenbery v. U.S.*, 2006 WL 218220, * 1 (M.D.Pa.2006) ("it appearing that defendants'

statement of material facts was properly deemed admitted by plaintiff *see* L.R. 56.1 providing that

the moving party's statement of material facts will be deemed admitted unless the non-moving party

specifically contradicts the statement"). *See U.S. ex rel. Paranich v. Sorgnard*, 396 F. 3d 326, 330,

n. 5 (3d Cir. 2005) (Under M.D. Pa. L.R. 56.1, the Third Circuit noted that the District Court

adopted all the facts of one party that were not clearly disputed by the other party with sufficient

citation to the record).[5]  Thus, we shall not repeat herein Defendant's ¶'s 2., 3., 8. and 9. of its

SMF, Doc. 9. *See also Dusenbery v. U.S.*, 2006 WL 218220, * 1 (M.D. Pa. 2006).

We agree with Defendant (Doc. 9, ¶ 5.) and find that in Section 8 of Plaintiff Santee's

Administrative Tort Claim, he stated:

> Medical Negligence and deliberate indifference to a serious medical
> need.  Defendant failed to render appropriate care and that
> resulted in the amputation of claimant's leg.

(Doc. 11, Ex. A, Section 8).

We also agree with Defendant (Doc. 9, ¶ 7.) and find that in Section 10 of Plaintiff Santee's

Administrative Tort Claim, he stated:

> Claimant received sub-standard and negligent medical care
> which resulted in the amputation of his leg.  The treatment

---

[5]*See also Paranich* District Court case at 286 F. Supp. 2d at 447, n. 3.

8

amounted to deliberate indifference to a serious medical need.[6]

(Doc. 11, Ex. A, Section 10).

The parties dispute ¶'s 10. and 11. of Defendant's SMF.  Defendant asserts that Count I of Plaintiff's Complaint raises 21 specific claims of negligence against the United States, and that Plaintiff Santee's Administrative Tort Claim did not raise five of the specific claims of negligence which Plaintiff has alleged in his Complaint, namely five averments that are found in Count I of Plaintiff's Complaint at ¶ 56., subparagraphs e., i., j., t. and u.  (Doc. 1, pp. 11-13, ¶ 56.).  Plaintiff contends that he has exhausted his Administrative Tort Claim for a personal injury negligence action since his Administrative Tort Claim and his instant Complaint both raised a personal injury negligence action.  Plaintiff contends that his Complaint raises only one negligence claim and not twenty-one (21) separate claims.

While the evidence shows that Plaintiff did not specifically mention five of his averments contained in Count I of his Complaint at ¶ 56., subparagraphs e., i., j., t. and u. (Doc. 1, pp. 11-13, ¶ 56. and Doc. 11, Ex. A, Sections 8 and 10), the issue is whether Plaintiff must specifically raise each and every averment he alleges in his Complaint as part of his negligence claim in his Administrative Tort Claim.  Plaintiff argues that his Complaint at ¶ 56. merely contains the factual details of his single negligence claim against the government and that his Complaint does not contain a cause of action that is at a material variance from his Administrative Tort Claim.  (Doc. 10, pp. 2-3). Defendant also argues that Plaintiff's Complaint should be dismissed since Plaintiff

---

[6]Despite some of the language in Plaintiff's Administrative Tort Claim which sounds like an Eighth Amendment claim, as noted above, Plaintiff did not file a joint FTCA/*Bivens* action, and he did not raise an Eighth Amendment claim in the present case.

failed to file a Certificate of Merit ("COM") as required by Pa. R. Civ. P. 1042.3.  Plaintiff contends

that he did not have to file a COM since he is not alleging a professional negligence action.[7]  As

stated, we will first discuss the COM issue.

## VI. Discussion.

Defendant contends that Plaintiff's Complaint should be dismissed and that summary

judgment should be entered in its favor since Plaintiff did not exhaust the Administrative Tort Claim

process with the United States Bureau of Prisons ("BOP") with respect to all of his claims asserted

in his Complaint, and since Plaintiff failed to file a COM as required by Pa. R. Civ. P. 1042.3.

Defendant argues in its Brief that Plaintiff cannot demonstrate that the evidence creates a genuine

issue of material fact that he exhausted the Administrative Tort Claim process with respect to the

following claims in his Complaint, "that he was denied adequate clothing, that the BOP hired

unqualified medical staff and failed to hire qualified medical staff, that staff destroyed Santee's

medical records, and that the BOP allowed Santee's medical records to be altered or destroyed."

(Doc. 8, p. 2).   These five averments are found in Count I of Plaintiff's Complaint at ¶ 56.,

subparagraphs e., i., j., t. and u. (Doc. 1, pp. 11-13, ¶ 56.).  Thus, Defendant argues that the stated

five (5) allegations of the negligence claim Plaintiff raises against the government should be

dismissed.  Plaintiff states that he has raised only one negligence count in his pleading and that his

¶ 56. of his Complaint is merely the factual basis of his one negligence claim.

---

[7]We note that Plaintiff has alleged in his pleading  the necessary elements of his medical
negligence claim against the United States.

Defendant's initial argument is that Plaintiff's action should be dismissed since he failed to timely file a COM as required by Pa. Rule 1042.3. First, we will discuss the COM issue.

In his Complaint, Plaintiff correctly styles his action as being filed pursuant to the FTCA, since he avers that he suffered injury as a result of negligent medical care for his diabetes condition at FPC-Lewisburg while serving his federal sentence at this prison. The sole jurisdictional basis for this action, as stated in Plaintiff's pleading, is the FTCA under 28 U.S.C. §§ 2671, *et seq.* (Doc. 1, p. 2).[8]

Defendant first argues that Plaintiff's Complaint should be dismissed since Plaintiff failed to file a COM as required by Pa law.[9] Plaintiff untimely filed a COM on April 11, 2008, over four months after he filed this action with this Court, but before Defendant's present Motion has been decided by the Court. (Docs. 1 and 15). Plaintiff states in his Supplemental Brief that he did not timely file a COM since his Complaint does not assert a professional negligence claim. (Doc. 18,

---

[8]We note that Plaintiff's pleading does not contain any constitutional claims against individual employees of the BOP, namely, an Eighth Amendment claim for denial of proper medical care by individual medical staff members at the prison. Plaintiff did not assert any *Bivens*-type action in conjunction with this FTCA claim. Recently, the Third Circuit in *Banks v. Roberts*, C.A. No. 07-2793, slip op. p. 2, n. 1, 2007 WL 3096585, * 1, n. 1 (3d Cir. 10-19-07) (Non-Precedential) noted that "A '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens* . . . "
    The Banks Court also noted that "[t]he District Court correctly construed Banks' negligence claim under the FTCA, noting that it could not consider his negligence claim under *Bivens*, because negligence is not the basis of a constitutional claim. *See Bivens*, 403 U.S. at 392 (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's *constitutional* rights)." 2007 WL 3096585, * 2, n. 4.(emphasis original).

[9]State law governs with respect to claims under the FTCA. *See Ogrod v. U.S.*, 2007 WL 2319766, * 3 (E.D. Pa.); *Horne v. U.S.*, 223 Fed. Appx. 154, 156 (3d Cir. 2007) ("The extent of the United States' liability under the FTCA is generally determined by reference to state law.").

p. 1).  He states that he only filed his COM to preserve his FTCA claim if the Court decides he filed a professional negligence claim or that he was required to file a COM.  (*Id*.).

    *A. Certificate of Merit under Pa.R.C.P. 1042.3*

    Essentially, a COM must be filed for a Pennsylvania State professional negligence claim or the claim will be dismissed.  *Velazquez v. UPMC Bedford Memorial Hospital*, 328 F. Supp. 2d 549, 558 (W.D. Pa. 2004).  The *Velazquez* Court stated that:

> [T]he Pennsylvania Certificate of Merit Rule, 1042.3, also
> requires that a plaintiff provide a written statement by
> "an appropriate licensed professional" that a "reasonable
> probability" exists that a "licensed professional deviated
> from an acceptable professional standard."  Pa.R.Civ.P. 1042.3.
> In addition, Pa.R.Civ.P. 1042.3 requires that the certificate
> of merit be filed within 60 days of the filing of the complaint.

*Id.* at 556.

    Further, Pennsylvania COM "requires a written statement of an appropriate licensed professional who will usually be a physician."  *Id*.  "If a Plaintiff does not file a certificate of merit pursuant to Pa.R.Civ.P. 1042.3, then Pa.R.Civ.P. 1042.6 provides that an entry of judgment of non pros may be entered against the Plaintiff for failure to file the certification."  *Id*.  Additionally, the *Velazquez* Court stated that:

> Pa.R.Civ.P. 1042.3(a)(1) dictates that a "written statement
> [must be filed] that there exists a reasonable probability"
> that the defendant's care, skill, or knowledge fell outside
> acceptable professional standards.  "The attorney's signature
> certifies that an appropriate licensed professional has
> supplied a written statement that there is a basis to conclude
> that the care, skill, or knowledge exercised or exhibited by
> the Defendant in the treatment, practice, or work that is
> the subject of the complaint fell outside acceptable
> professional standards and that such conduct was a cause

> in bringing about the harm."  Pa.R.Civ.P. 1042.3(a)(1).  Thus,
> the purpose of Pa.R.Civ.P. 1042.3 is to ensure that
> professional negligence claims are meritorious, and the
> certificate of merit requirement prevents needless waste
> of judicial time and resources which would otherwise be
> spent on non-meritorious claims.

*Id.* at 557-558.

According to the *Velazquez* Court, Rule 1042.6 requires dismissal for failure to timely file a

COM.  *Id.* at 556.  The *Velazquez* Court then summarized the COM requirement as follows:

> Pa.R.Civ.P. 1042.1 *et seq.* "were designed and adopted
> to directly confront the crisis surrounding medical malpractice
> claims in this Commonwealth."  *Hoover v. Davila*, 64 Pa.D. & C4th
> 449, 455-56 (Pa.Com.Pl. 2003).  To further this end,
> Pa.R.Civ.P. 1042.3 requires a plaintiff to file a certificate of
> merit verifying that a licensed professional has determined
> that a reasonable probability exists that a licensed professional
> did deviate from the requisite standard of care with regard
> to the plaintiff.  However, where a plaintiff fails to file a
> certificate of merit within the allotted time, a defendant may
> file a praecipe of non pros which dismisses the plaintiff's
> claim for failure to file a certificate of merit.  Pa.R.Civ.P. 1042.6;
> *Hoover v. Davila*, 64 Pa.D & C. 4th 449 (Pa.Com.Pl. 2003)
> (holding that Pa.R.Civ.P. 1042.6(a) is "clear and concise"
> in that if the defendant "files a praecipe after the required
> time and prior to the filing of the certificate of merit, the
> prothonotary is required to enter the judgment of non pros".)

*Id.* at 559-560.

Defendant states that this Court has found that the COM requirement of Rule 1042.3

applies to cases filed in federal court.  (Doc. 8, p. 8).  Defendant cites to three Middle District of

Pennsylvania cases and has attached these cases to its Brief.  (Doc. 8, Atts.).   Plaintiff agrees that

this Court has held that a COM must be filed for state law professional malpractice actions brought

in federal court.  (Doc. 10, p. 3).  However, Plaintiff points out that if a party filed an FTCA claim

alleging only ordinary negligence, he is not required to file a COM with his Complaint. (*Id*.). There is no dispute that Plaintiff did not file a COM under Rule 1042.3 at the time he filed this action in this Court or within sixty (60) days after he filed his Complaint. (Doc. 18, p. 1). Rather, Plaintiff filed his COM untimely on April 11, 2008. (Doc. 15). In his Supplemental Brief, Plaintiff explains why he did not timely file his COM, as discussed above. (Doc. 18, p. 1).

In *Boyd v. U.S.*, 2006 WL 2828843, * 6 (M.D. Pa.), this Court stated that "[PA] Rule 1042.3 is indeed applicable to state law malpractice claims brought in federal court." Rule 1042.3 applies when federal courts are addressing state law professional negligence claims in both diversity and supplemental jurisdiction cases.[10]  The *Boyd* Court also stated:

> "Under Pennsylvania law, a party filing a professional liability claim
> must file a certificate of merit in which a professional licensed in the
> same field supplies a written statement that a reasonable probability exists
> that the actions of the defendant fell outside acceptable professional
> standards and that the actions were the cause of harm suffered by the
> plaintiff. *See Pa. R.C.P. 1042.3(a)(1)*. If a Plaintiff fails to file the required
> certificate within sixty (60) days of filing the complaint, Defendants
> may file a praecipe for entry of a judgment of *non pros*. *See* Pa. R.C.P. 1042.6

*Id*., * 5.

In a similar case brought under New Jersey law and its Affidavit of Merit requirement, the Court in *Horne v. U.S.*, 223 Fed. Appx. 154, 156 (3d Cir. 2007), recently stated:[11]

---

[10]Defendant attached a copy of the *Boyd* decision to its Brief, Doc. 8-2.

[11]Plaintiff distinguishes PA Rule 1042.3 and its COM requirement from the New Jersey Rule and its Affidavit of Merit requirement by stating that the New Jersey Rule requires the dismissal of the complaint with prejudice and that under the Pennsylvania Rule, the prothonotary is required to enter a judgment of *non pros*, which Plaintiff states does not bar him from filing another suit or petitioning the Court for relief from *non pros*. (Doc. 18, p. 3). As discussed below, we find Plaintiff's distinction to support his request for the Court to excuse his

Horne's appeal from the entry of summary judgment in favor of the
United States also lacks arguable merit. The extent of the United States'
liability under the FTCA is generally determined by reference to state law.
*Molzof v. United States,* 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d
731 (1992). We agree with the District Court that the applicable state
law in this matter was New Jersey law, which requires submission of an
Affidavit of Merit when the underlying factual allegations of the claim
require proof of a deviation from the professional standard of care for
that specific profession." *Couri v. Gardner,* 173 N.J. 328, 801 A.2d
1134, 1141 (2002) (discussing N.J. Stat. Ann. 2A:53A-27).
Horne's complaint triggered the requirements of the New Jersey Affidavit
of Merit statute because he complained of the medical care he received in
the F.C.I. Fairton healthcare facility. Horne failed to provide the requisite
Affidavit of Merit and therefore summary judgment was properly entered in
favor of the United States. *See* N.J. Stat. Ann. 2A:53A-29 (failure to provide
Affidavit of Merit shall be deemed a failure to state a cause of action).
Horne's *pro se* status does not excuse his failure to comply with the Affidavit
of Merit requirement. *See Chamberlain v. Giampapa,* 210 F.3d 154,
162 (3d Cir.2000) (affidavit requirement has been excused only
under exceptional and compelling circumstances).

Plaintiff Santee argues that his FTCA claim is only alleging ordinary negligence and not a

professional negligence claim, and thus he was not required to file a COM.   (Doc. 10, p. 3, and

Doc. 18, p. 2).  Plaintiff notes that certain paragraphs in his Complaint show that he is only claiming

that the prison staff failed to ensure that he received proper medical treatment, such as his claims

that he was denied medications, denied proper shoes for his foot ulcers, denied physical exams,

and delayed needed outside medical treatment. (Doc. 18, p. 2 and n. 1).  Defendant contends that

Plaintiff has alleged professional medical negligence and claimed that the prison's medical staff was

negligent in treating his foot ulcer and that this caused his right leg to be amputated.   Defendant

states that Plaintiff will need expert testimony to opine that it negligently breached its duty owed

---

failure to timely file his COM.

to Plaintiff and that this negligent breach was the proximate cause of Plaintiff's injuries, *i.e.* his amputations.  (Doc. 8, pp. 8-9).  In the present case, there is no dispute that the Defendant filed its Motion to Dismiss against the Plaintiff for his failure to file a COM before the Plaintiff filed his COM.  (Docs. 6, 15 and 18, p. 1).  However, Plaintiff filed his COM prior to the Court's disposition of Defendant's Motion and prior to any discovery.

We concur with Defendant that this action is proceeding on Plaintiff's professional liability medical negligence claim arising under state law based on Plaintiff's pleading and the allegations contained therein.  We find that Plaintiff's allegations that he did not receive proper medical care after he began serving his federal sentence at USP-Lewisburg in March 2005 amount to a professional negligence claim.  Plaintiff has detailed his factual averments forming the basis of his medical negligence claim against the government in ¶ 56. of his Complaint, Doc. 1.  While Plaintiff points out that some of his allegations raise ordinary negligence claims (Doc. 18, p. 2), he has admittedly asserted only one negligence count against the United States in his Complaint (Doc. 1, pp. 11-14), which we find to primarily sound as a professional negligence claim when considering as a whole all of the averments which comprise this single claim.  We do not find that Plaintiff raised an additional count based on ordinary negligence in his Complaint.

Plaintiff essentially alleges that the failure of prison staff to render proper medical care for his diabetes condition caused his condition to worsen and degrade, and that this resulted in the need for multiple amputations of his lower extremity.  Plaintiff alleges that prison medical staff failed to exercise the proper medical care for inmates with diabetes. (Doc. 1, pp. 11-12).  We also find that the basis of Plaintiff's claim stated in his Administrative Tort Claim, which was quoted above,

sounds like a professional negligence claim and not a claim based on ordinary negligence. (Doc. 8-3).

Based on Plaintiff's pleading, we agree with Defendant that Plaintiff has alleged a professional medical negligence claim and that Plaintiff has stated the required elements of a medical negligence claim, *i.e.* the BOP breached a duty owed to him to provide him with proper medical care for his diabetes condition, and the alleged conduct of the BOP medical staff at USP-Lewisburg and FPC-Lewisburg in failing to use proper care as required to treat a person with diabetes, proximately caused Plaintiff's alleged injuries of "multiple amputations of Plaintiff's lower extremity." (Doc. 1, p. 12).

The Court in *Wooding v. U.S.* noted, "Wooding's claim is actually brought under the Federal Tort Claims Act (FTCA)". The FTCA constitutes a waiver of sovereign immunity in certain situations. The substantive state law where the tortious conduct occurs governs a FTCA claim. *See Sosa v. Alvarez-Machain,* 542 U.S. 692, 700 (2000). Because the operation occurred in Pennsylvania, Pennsylvania law applies." 2007 WL 951494, * 3, n. 6 (W.D. Pa.).[12] Thus, Pennsylvania law applies in the instant case since Plaintiff Santee's alleged injuries and treatment occurred in Pennsylvania.

The Court in *Wooding v. U.S.*, 2007 WL 951494, * 3 (W.D.Pa. 2007), stated:

> To prevail on this medical malpractice claim [under the FTCA], Wooding must establish: (1) a duty owed by the physician; (2) a breach of that duty; (3) that the breach proximately caused the harm; and (4) that the damages directly result from the harm. *Quinby v.*

___

[12]Both of our parties correctly recognize that Pennsylvania law applies in this FTCA action.

*Plumstead Family Practice, Inc.,* 589 Pa. 183, 907 A.2d 1061, 1070 (2006), *quoting, Hightower-Warren v. Silk,* 548 Pa. 459, 698 A.2d 52, 54 (1997). In addition, "as a general rule, a plaintiff has the burden of presenting expert opinions that the alleged act or omission of the defendant physician or hospital personnel fell below the appropriate standard of care in the community, and that the negligent conduct caused the injuries for which recovery is sought." *Simpson v. Federal Bureau of Prisons,* Civ. No. 2-2313, 2005 WL 2387631 at * 5 (Sept. 28, 2005), *citing, Grossman v. Barke,* 868 A.2d 561, 566-67 (Pa.Super.2005). "Expert testimony, however, is not required when a matter 'is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons.' " *Simpson,* 2005 WL 2387631 at * 5, *quoting, Hightower-Warren v. Silk,* 548 Pa. 459, 698 A.2d 52, 54 n. 1 (Pa.1997).

The Pennsylvania Supreme Court's cautionary language in *Toogood v. Rogal,* 573 Pa. 245, 824 A.2 1140, 1149 (2003), confirms the narrowness of the exception to the requirement of expert testimony:

> Courts sitting in medical malpractice cases require detailed expert testimony because a jury of laypersons generally lacks the knowledge to determine the factual issues of medical causation; the degree of skill, knowledge, and experience required of the physician; and the breach of the medical standard of care. In contrast, plaintiffs in res ipsa loquitur cases rely on the jury to fill in the missing pieces of causation and negligence, inherent in their cases, with the jury's common experience. Determining whether there was a breach of duty, however, involves a two-step process: the court must first determine the standard of care; it then must examine whether the defendant's conduct measured up to that standard. Not only does the plaintiff have the burden of proving that the defendant did not possess and employ the required skill and knowledge, or did not exercise the care and judgment of a reasonable professional, he or she must also prove that the injury was caused by the failure to employ that requisite skill and knowledge. We have previously concluded that this must be accomplished with expert medical testimony

presented at trial by doctors testifying as expert witnesses.[13]

We agree with Defendant and find that Plaintiff's allegations assert negligent conduct which occurred while Plaintiff was being treated by the prison medical staff, including the prison's doctor, Dr. Bussanich, and physician assistants, that these allegations raise questions relating to medical judgment of the prison's medical professionals, and that the alleged negligent conduct occurred within the course of a professional relationship.  We find that Plaintiff's allegations raise a claim that calls into question the medical judgment of professionals that is beyond the sphere of common knowledge and experience.  Thus, we find that Plaintiff has indeed asserted a medical malpractice action against the government and  not merely an ordinary negligence action.  We find that at trial Plaintiff would have to offer medical expert evidence as to the adequacy of his medical care for his diabetes condition while in prison and to establish that the BOP breached its duty owed to Plaintiff regarding his medical care for his diabetes condition.  We find that Plaintiff will require medical expert evidence that any breach of duty by the BOP caused Plaintiff to undergo multiple amputations, as he has alleged.

Therefore, we agree with Defendant that since Plaintiff has filed a professional liability claim against it, Plaintiff was required to timely file a COM under Rule 1042.3(a)(1).  We also agree with Defendant (Doc. 8, pp. 8-9) that the testimony of a medical expert is required in this case for Plaintiff to show that the BOP failed to meet its duty owed to him by showing that the USP-Lewisburg and FPC-Lewisburg medical staff did not exercise the care and judgment of a reasonable

---

[13]Plaintiff also correctly recognizes the elements of a medical malpractice claim under Pennsylvania law.  Doc. 10, p. 5.

professional, *i.e.* that the conduct of the prison medical staff failed to meet the applicable medical standard of care in the community.

The Court in *Wooding* stated, "Under Pennsylvania law, a plaintiff must have expert testimony in all but the most simple cases on the issue of causation-that the negligence caused the injuries. *See Simpson,* Civ. No. 2-2313, 2005 WL 2387631 at *5 (Sept. 28, 2005), *citing, Grossman v. Barke,* 868 A.2d 561, 566-67 (Pa.Super.2005)."   In our case, we find that Plaintiff will be required to present expert evidence to show that the BOP breached its duty owed to him regarding his medical care for his diabetes.

Plaintiff Santee will be required to present expert medical testimony at trial to show that the conduct of the prison medical staff, including the medical professional staff members, failed to meet the applicable medical standard of care in the community and that this negligent conduct caused his injuries (*i.e.* amputations) for which he seeks recovery in this case.  We disagree with Plaintiff that he has not asserted a medical malpractice claim against medical professionals and that he would not be required to present an expert opinion, report or testimony in this case.   (Doc. 10, p. 7, and Doc. 18, pp. 1-2).  Further, we find that Plaintiff's pleading (Doc. 1), taken as a whole with respect to his single count, does not merely allege  ordinary negligence.  Rather, it asserts a claim of professional liability and Plaintiff will be required to present the opinion of a medical expert in this case.  Plaintiff's pleading filed in this case does not excuse the need for a medical expert  to show that there was a breach of duty by  the prison medical staff, and that the prison medical staff failed to meet the applicable medical standard of care in the community.

Plaintiff alleges that he suffered complications to his diabetes condition due to the failure

of prison medical staff to properly treat him and that as a result he suffered from ulcers and deteriorating wounds which caused his November 30, 2005 surgery entailing the amputation of his right leg below his knee to repair his continually worsening condition.  Plaintiff's pleading, as a whole, primarily alleges that the prison medical staff deviated from the acceptable medical standard of care in the community.  Plaintiff will have to offer expert evidence to meet his burden of showing that the prison medical staff breached its duty of medical care owed to him and that this breach caused the amputation of his lower right leg.

Since we find that Rule 1042.3 is applicable to Plaintiff's medical malpractice action primarily alleging that the prison medical staff breached the medical standard of care in the community owed to Plaintiff for his diabetes condition, Plaintiff was required to file a COM at the time he filed his Complaint or within sixty (60) days thereafter.  Plaintiff did not file his COM until April 11, 2008.  (Doc. 15).  It was not timely, and no request for an extension to file it late was made.  Thus, since we find  that Plaintiff will require  an expert medical witness in this case to show that the prison medical staff deviated from the acceptable medical standard of care in the community, Defendant is entitled to dismissal of Plaintiff's professional negligence claim for Plaintiff's failure to timely file his COM unless Plaintiff should be excused for the untimely filing of his COM, as he asserts. (Doc. 18, pp. 3-5).

We do not agree with Plaintiff that the Pennsylvania Rule requiring a COM may be a state procedural requirement rather than substantive law. (Doc. 18, p 2). As the Court held in *Thompson v. U.S.*, 2006 WL 1725546, * 1 (M.D. Pa.), the COM Rule is substantive in nature.  *See also Boyd*, 2006 WL 2828843, * 5 ("Rule 1042.3 is indeed applicable to state law malpractice claims brought

in federal court."). (Doc. 18, Ex. A and Doc. 8-2).  We also find, as discussed, that PA Rule 1042.3

applies in our case since Plaintiff's claims arise under Pennsylvania law, and since we find Plaintiff

is asserting a professional liability claim and not merely an ordinary negligence claim.  However,

as in *Thompson*, we agree with our Plaintiff (Doc. 18, pp. 3-5) that under the circumstances, this

Court should not dismiss Plaintiff's Complaint, and Plaintiff should be excused for his late filing of

his COM.

The *Thompson* Court stated:

> We cannot agree that under the circumstances presented here, however,
> that the case should be dismissed. [FN2].  We find the reasoning in
> *Scaramuzza v. Scilla*, 345 F.Supp.2d 508 (E.D. Pa. 2004), to be persuasive.
> In *Scaramuzza*, the district court pointed out the entry of a judgment of
> *non pros* does not prohibit the plaintiff from either commencing
> another lawsuit premised on the same claims or from seeking relief
> from the judgment entered against him.  *Id*. at 511.  Relief from the
> entry of a judgment *non pros* is in the discretion of the judge and the
> plaintiff " . . . must establish [that] 1) the petition for relief [is] filed
> promptly; 2) the failure to file a certificate of merit [is] reasonably
> explained; and 3) the underlying cause of action [is] meritorious."
> *Id*.  We find, as did the court in *Scaramuzza*, that it is appropriate
> to consider these factors in determining whether to dismiss the
> third-party complaint against Ishmailoff for the Government's
> failure to file a certificate of merit.
>
>> FN2.  Ishmailoff seeks, in the alternative, to have
>> the Clerk enter a praecipe for entry of a judgment
>> of *non pros* pursuant to Pa.R.C.P. 1042.6(b).  However,
>> this is not a remedy available in federal court.

2006 WL 1725546, * 2. (Doc. 18, Ex. A, p. 2).

As Plaintiff Santee states (Doc. 18, p. 5), he promptly filed his COM while Defendant's

Motion was pending.  Defendant has not yet filed its Answer to the Complaint, and no discovery

has commenced.  We have not held a joint case management conference, and we have not issued a scheduling order. Plaintiff also offers a reasonable excuse, as discussed, for his failure to timely file his COM.  Thus, the delay in Plaintiff's filing of his COM did not prejudice Defendant United States. Further, based on the Complaint, Plaintiff's medical malpractice claim may have merit. Based on the factors addressed in *Thompson*, we shall recommend that Defendant's Motion to Dismiss Plaintiff's Complaint for his failure to timely file a COM be denied.

As to Defendant's Motion for Summary Judgment with respect to the stated five (5) allegations contained in ¶ 56. of Plaintiff's Complaint (e., i., j., t. and u.), based on Plaintiff's failure to include these specific claims in his Administrative Tort Claim (Doc. 8, pp. 10-11), we agree with Plaintiff that he is raising only one negligence claim which we have found is a medical malpractice claim based on professional liability.  We do not find that Plaintiff has raised twenty-one (21) specific negligence claims in his Complaint.  We find that Plaintiff has properly presented his medical malpractice negligence claim to the appropriate federal agency, *i.e.* the BOP. (Doc. 8-3).[14] Therefore, we will recommend that Defendant's Motion for Summary Judgment as to the stated five (5) subparagraphs of ¶ 56. be denied.

Finally, Defendant moves to dismiss any Eighth Amendment claims under *Bivens* which Plaintiff may be construed as raising. (Doc. 8, pp. 11-12).  While Defendant correctly states that Plaintiff cannot name the United States as a defendant in a *Bivens* action (*See Banks, supra*), as

---

[14]As indicated above, Plaintiff stated in his Administrative Tort Claim that he "received sub-standard and negligent medical care which resulted in the amputation of his leg." (Doc. 8-3).  Plaintiff also stated the basis of his tort claim was deliberate indifference to his serious medical need, in addition to medical negligence, but we do not find his Complaint raises an Eighth Amendment claim. (Doc. 8-3).

noted above, we do not find that Plaintiff has asserted an Eighth Amendment claim with his FTCA

claim in his present pleading.

## VII.  Recommendation.

Based on the foregoing, it is respectfully recommended that Defendant United States'

Motion to Dismiss the Complaint for Plaintiff's failure to timely file a Rule 1042.3 COM **(Doc. 6)**

be denied.  It is also recommended that Defendant's alternate Summary Judgment Motion with

respect to five (5) of Plaintiff's allegations, based on Plaintiff's failure to exhaust the Administrative

Tort Claim process, be denied.  Additionally, it is recommended that this case be remanded to the

undersigned for further proceedings, including directing the United States to file its Answer to the

Complaint and setting a scheduling conference.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 8, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT SANTEE,                        :        CIVIL ACTION NO. **3:CV-07-2207**
                                     :
            Plaintiff                :        (Judge Nealon)
                                     :
            v.                       :        (Magistrate Judge Blewitt)
                                     :
UNITED STATES OF AMERICA,            :
                                     :
            Defendant                :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 8, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


                                                     **s/ Thomas M. Blewitt**
_____    **THOMAS M. BLEWITT**
                                                 **United States Magistrate Judge**


**Dated: May 8, 2008**