IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT SANTEE, | : | CIVIL ACTION NO. 3:CV-07-2207 |
| Plaintiff | : | |
| v. | : | (Judge Nealon) |
| UNITED STATES OF AMERICA, | : | FILED SCRANTON |
| Defendant | : | SEP 3 0 2008 |

**MEMORANDUM AND ORDER**   PER *M. E. P.* DEPUTY CLERK

The Plaintiff, Brett Santee, filed this action pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 et. seq., on December 5, 2007. (Doc. 1). The complaint alleges that while Plaintiff was incarcerated at the United States Penitentiary and the Federal Prison Camp in Lewisburg, Pennsylvania, the Defendant, the United States of America, failed, *inter alia*, to distribute his diabetes medication and to treat properly his medical complaints and that this negligent treatment resulted in a complete amputation of his right leg below the knee. Id. On February 19, 2008, the Defendant filed a motion to dismiss and for summary judgment. (Doc. 6).

On May 8, 2008, Magistrate Judge Thomas M. Blewitt recommended that the Defendant's motion to dismiss and for summary judgment be denied. (Doc. 19). In his Report and Recommendation, the Magistrate Judge concluded, *inter alia*, that this action, based on the averments in the complaint, is a medical malpractice action, as

1

opposed to an ordinary negligence action, requiring a certificate of merit[1] ("COM") pursuant to Pennsylvania Rule of Civil Procedure 1042.3(a) and that the Plaintiff failed to file timely his COM. (Doc. 19, pp. 14-19). The Magistrate Judge opined that Rule 1042.3 is a substantive law rather than a procedural requirement and should be applied in state malpractice claims brought in federal court. (Doc. 19, p. 21). In analyzing the Plaintiff's failure to comply with Rule 1042.3, Magistrate Judge Blewitt recommended that, under the circumstances, the Plaintiff's late filing of his COM should be excused because he readily filed a COM while the Defendant's motion was pending, an answer to the complaint had not been filed, no discovery had commenced, no case management conference was held or a scheduling order issued, and the Plaintiff has offered a reasonable explanation for not timely filing a COM. (Doc. 19, pp. 22-23). The Magistrate Judge concluded that "[t]hus, the delay in Plaintiff's filing his COM did not prejudice Defendant." (Doc. 19, p. 23). Regarding the Defendant's argument that the Plaintiff has not exhausted the administrative torts claim process, the Magistrate Judge determined that the Plaintiff has exhausted his

---

[1] Pennsylvania Rule of Civil Procedure 1042.3, Certificate of Merit, requires the plaintiff, in a professional malpractice action, to file within sixty days after the filing of the complaint a certificate of merit verifying that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa.R.C.P. No. 1042.3.

administrative tort claim because he is only raising one claim, which was denied by the Federal Bureau of Prisons, and his averments are not separate causes of action. (Doc. 19, p. 23). As to the Defendant's argument that any allegations of violations of the Plaintiff's constitutional rights should be dismissed on the basis of sovereign immunity, the Magistrate Judge determined that there was no need to address this issue as the Plaintiff has not raised any Eighth Amendment claims in his complaint. (Doc. 19, pp. 23-24).

Objections were filed to Magistrate Judge Blewitt's Report and Recommendation by the Defendant on May 21, 2008. (Doc. 20). Both parties have filed briefs regarding the Defendant's objections and the matter is ripe for resolution. For the reasons stated below, the Report and Recommendation will be adopted in part and denied in part.

I. **Standard of Review**

When objections to a report and recommendation have been filed, under 28 U.S.C. § 636(b)(1)(c), the court must make a *de novo* consideration of those portions of the report which have been objected to. See Sample v. Diecks, 885 F.2d 1099, 1106, n.3 (3d Cir. 1989). In so doing, the court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Further, the court may, in the exercise of

sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In evaluating a motion to dismiss, a court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Indep. Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Similarly, in deciding a motion for summary judgment, all inferences "should be drawn in the light most favorable to the nonmoving party, and where the nonmoving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Pastore v. Bel Tel. Co., 24 F.3d 508, 512 (quoting Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912, 113 S. Ct. 1262, 122 L. Ed. 2d 659 (1993)).

## II. Discussion

The Defendant objects to the Magistrate Judge's recommendations, arguing that the lack of prejudice to the Defendant caused by the late filing of the COM should not have been regarded and is immaterial when considering dismissal of a claim for failure to comply with Rule 1042.3. (Doc. 20, pp. 7-15). Additionally, the Defendant submits that the Magistrate Judge erred in finding that the Plaintiff offered

a reasonable, legitimate excuse for the late filing of his COM. (Doc. 20, pp. 15-20). In response to these objections, the Plaintiff again argues that this is an ordinary negligence claim and not a medical malpractice cause of action requiring a COM or, alternatively, if a COM is required, Magistrate Judge Blewitt's recommendation to excuse the Plaintiff's late filing should be accepted. (Doc. 21, pp. 3-21). In its reply brief in support of its objections, the Defendant argues that the Plaintiff has improperly raised an objection to the Report and Recommendation by arguing in its reply brief that this action is a negligence claim and that, because such argument was not properly filed as an objection, it should not be considered. (Doc. 22, p. 4).

Federal Rule of Civil Procedure 72(b) "requires the district judge to whom the case is assigned to make a *de novo* determination of those portions of the report, findings, or recommendations to which timely objection is made." FED. R. CIV. P. 72(b), Advisory Committee Notes; 28 U.S.C. 636(b)(1)(C). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. Here, the rule requires that the objections raised in the Defendant's May 21, 2008 filing (Doc. 20) receive *de novo* review, and the Magistrate Judge's determination that the allegations in the complaint constitute a medical malpractice action, like all other determinations not objected to, need only be reviewed under a clearly erroneous standard. Both parties'

arguments regarding whether this is an ordinary negligence claim or a medical malpractice claim and the Magistrate Judge's recommendation that this is a medical malpractice claim have been reviewed and it is determined, based on either standard of review, that the allegations contained in the complaint constitute a medical malpractice claim requiring the filing of a COM.

In order to address the Defendant's objections to the Magistrate Judge's Report and Recommendation, it must be determined if Rule 1042.3 is a substantive rule of Pennsylvania law to be applied in federal cases under the choice of law doctrine from Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 118 (1938). Although not in a precedential opinion, the Third Circuit Court of Appeals has held that Pennsylvania Rule of Civil Procedure 1042.3 is a substantive rule of law to be applied in professional negligence claims proceeding in federal court. Iwanejko v. Cohen & Grigsby, P.C., 249 Fed. Appx. 938, 943-44 (3d Cir. 2007) (nonprecedential[2]). The Iwanejko Court relied on the Third Circuit's precedential holding that the New Jersey affidavit of merit statute, N.J. Stat. Ann. § 2A:53A-27[3], requiring an affidavit, similar

---

[2] A nonprecedential opinion may nonetheless be persuasive. See Sovereign Bank v. BJ's Wholesale Club, Inc., 427 F. Supp. 2d 526, 536 (M.D. Pa. 2006); citing Linden v. SAP America, Inc., 2004 U.S. Dist. LEXIS 8598, 2004 WL 1047719 at *4 n.3 (E.D. Pa. 2004); Prudential Prop. & Cas. Ins. Co. v. Jefferson, 185 F. Supp. 2d 495, 499 n.1 (W.D. Pa. 2002).

[3] The New Jersey Annotated Statutes § 2A:53A-27, Affidavit of lack of care in action for professional, medical malpractice or negligence; requirements, states:

to a COM, be filed with the court within sixty (60) days of the date the answer is filed, should be applied as substantive law under the Erie Doctrine. Chamberlain v. Giampapa, 210 F.3d 154, 158-61 (3d Cir. 2000); see also Lee v. Thompson, 163 Fed. Appx. 142 (3d Cir. 2006). Additionally, there are a number of United States District Court cases in which Rule 1042.3 has been applied as substantive law. See Weaver v. University of Pittsburgh Medical Center, 2008 U.S. Dist. LEXIS 57988 (W.D. Pa. July 30, 2008); Lopez v. Brady, 2008 U.S. Dist. LEXIS 43797 (M.D. Pa. June 3, 2008) (McClure, J.); Stroud v. Abington Memorial Hospital, 546 F. Supp. 2d 238 (E.D. Pa. 2008); Holbrook v. Woodham, 2007 U.S. Dist. LEXIS 50966 (W.D. Pa. July 13, 2007); Boyd v. United States, 2006 U.S. Dist. LEXIS 70826 (M.D. Pa. Sept. 29, 2006) (Vanaskie, J.); Thompson v. U.S., 2006 U.S. Dist. LEXIS 41279 (M.D. Pa. 2006) (Caldwell, J.); Gazi Abdulhay v. Bethlehem Med. Arts, L.P., 2005 U.S. Dist.

---

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A-27.

LEXIS 21785 (E.D. Pa. Sept. 27, 2005); Rohrbaugh v. York County Prison, 2005 U.S. Dist. LEXIS 44604, *11-12 (M.D. Pa. June 20, 2005) (Caputo, J.); Hartman v. LSCI-Allenwood, 2005 U.S. Dist. LEXIS 40766 (M.D. Pa. May 27, 2005) (Muir, J.); Schwalm v. Allstate Boiler & Constr., Inc., 2005 U.S. Dist. LEXIS 12422 (M.D. Pa. May 17, 2005) (Caputo, J.); Scaramuzza v. Sciolla, 345 F. Supp. 2d 508 (E.D. Pa. 2004); Velazquez v. UPMC Bedford Mem'l Hosp., 328 F. Supp. 2d 549, 2004 U.S. Dist. LEXIS 14402 (W.D. Pa. 2004). Based on the Third Circuit Court of Appeals' decisions in Iwanejko and Chamberlain and the many District Court opinions cited above, it is determined that Rule 1042.3 is substantive law to be applied in the present case and the portion of the Report and Recommendation holding such shall be adopted.

The Defendant strenuously objects to the Magistrate Judge's finding that the Plaintiff has presented a reasonable explanation or legitimate excuse for failing to file a COM and allowing the case to proceed. (Doc. 20, pp. 15-20). In reaching this conclusion, the Magistrate Judge cited only two cases, viz., Thompson and Scaramuzza, and briefly determined, as follows:

> As Plaintiff Santee states (Doc. 18, p.5), he promptly filed his COM while Defendant's Motion was pending. Defendant has not yet filed its Answer to the Complaint, and no discovery has commenced. We have not held a joint case management conference, and we have not issued a scheduling order. Plaintiff

> also offers a reasonable excuse, as discussed, for his failure to timely file his COM. <u>Thus, the delay in Plaintiff's filing of his COM did not prejudice Defendant United States</u>.

(Doc. 19, pp. 22-23) (Emphasis added). It would appear that the lack of prejudice was the pivotal point in this determination.

However, at the time the Report was filed, there was considerable authority to the contrary that was not addressed. In <u>Hartman</u>, 2005 U.S. Dist. LEXIS 40766, Judge Muir concluded that prejudice to the defendant by plaintiff's failure to file the COM was immaterial when considering whether a plaintiff's claim should be dismissed. <u>Parkway Corp. v. Edelstein</u>, 2004 Pa. Super. 307, 861 A.2d 264, 269 (Pa. Super. 2004); <u>Helfrich v. UPMC Shadyside Hosp.</u> 65 D&C 4th 420, 424-25 (Allegheny Co. 2003). Subsequently, Judge McClure specifically rejected the holding in <u>Scaramuzza</u> and ruled that a defendant who argues non-compliance by a plaintiff with Rule 1042.3 need not establish prejudice. <u>Lopez</u>, 2008 U.S. Dist. LEXIS 43797; <u>see also</u> <u>Weaver</u>, 2008 U. S. Dist. LEXIS 57988.

More importantly, the highly significant analysis of Rule 1042.3 by the Pennsylvania Supreme Court in <u>Womer v. Hilliker</u>, 589 Pa. 256, 908 A.2d 269 (2006), was not mentioned or explored in the Report. Furthermore, there were other reported cases addressing the issue of reasonable explanation or legitimate excuse that could have been reviewed. For example, <u>Ditch v. Waynesboro Hospital</u>, 917

A.2d 317 (Pa. Super. 2007) in which a similar factual background was presented, <u>viz.</u>, the plaintiff did not file a COM based on the belief that ordinary negligence was being asserted and not professional negligence.

Obviously, a more intensive and comprehensive examination of this important issue is appropriate and necessary. Consequently, the Report and Recommendation will be adopted in part and the case will be remanded to the Magistrate Judge for further review and consideration of the Defendant's objection to the finding that the Plaintiff should be excused for failing to file a COM as required under Rule 1042.3. The motion to dismiss will be held in abeyance pending the receipt of the Report and Recommendation.

## III. Conclusion

Magistrate Judge Thomas M. Blewitt's recommendations that Rule 1042.3 is substantive law to be applied in federal court will be adopted. Further, the Magistrate Judge's conclusions that this is a professional malpractice claim requiring the filing of a COM and that the Plaintiff failed to file timely a COM will also be adopted. This matter is recommitted to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C) for consideration of whether the Plaintiff has met the requirements of Rule 3051 excusing his late filing. An appropriate order follows.

Dated: September 30, 2008

**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT SANTEE, | : | CIVIL ACTION NO. 3:CV-07-2207 |
| Plaintiff | : | |
| v. | : | (Judge Nealon) |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 30th day of September 2008, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (Doc. 19) is **ADOPTED in part and DENIED in part**; and

2. The matter is recommitted to Magistrate Judge Thomas M. Blewitt to further analyze the matter and issue a Report and Recommendation within sixty (60) days consistent with the accompanying memorandum.

United States District Judge